UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**TRAVIS D. ENGLAND**                                                                                    **PLAINTIFF**

v.                                                                          **CIVIL ACTION NO. 3:23-CV-P323-JHM**

**JUDGE JOHN D. SIMCOE**                                                                       **DEFENDANT**

**MEMORANDUM OPINION**

  This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

  Plaintiff Travis D. England brings this action against Kentucky state-court Judge John D. Simcoe in his official capacity only. Plaintiff makes the following allegations in the complaint:

> Judge John D. Simcoe is a Circuit Court Judge for Hardin County div 2. Judge Simcoe presided over my case 21-cr-00114 and violated 5th, 6th, and 14th Amendment rights of the U.S. Constitution and displayed conduct unbecoming of a judiciary official which are grounds for dismissal and or overturnment of case . . . .
>
> Motion to proceed in forma pauperis, appoint counsel and order court clerk to prepare video record. Notice of Appeal, designation of record in process to Appellate Court.
>
> I expressed right to due process to fire Adam Cart with Lewis and Preston law firm . . . due to ineffective assistance of counsel. Judge Simcoe disagreed. Judge Simcoe was notified on record by attorney Dwight Preston of 5th Amendment right violation but disregarded stating, "This is my courtroom." Called me a liar two days after ordered to go to trial. Judge Simcoe, at final sentencing hearing stated he wouldn't grant probation due to WHAT COULD HAVE happened regardless of 440 days served on a five (5) year sentence, and no prior felony convictions.
>
> I have two pending cases set for trial in Judge Simcoe's court . . . . Judge Simcoe displays extreme bias and prejudice conduct and refuse to grant bond reduction in either pending cases. Request to be moved into alternative division also based off

conflict of interest to this civil action. $100 per day served bail credit in the Commonwealth. Request bond reduction be granted on pending cases. 10% bond on both and/or to home incarceration consideration time served and Constitution rights violations[.]

As relief, Plaintiff also seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Judge Simcoe**

As a state official sued in his official capacity for money damages, Judge Simcoe is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Judge Simcoe in his official capacity. Under the Eleventh Amendment to the U.S. Constitution, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, (1993). The Commonwealth of Kentucky has not waived its immunity, and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *See Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991). "This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Bennett v.*

*Thorburn*, 843 F.2d 1390 (6th Cir. 1988) (concluding that an official-capacity suit against a judge who presided over state-court litigation was barred by the Eleventh Amendment). Thus, Plaintiff's official-capacity claim against Judge Simcoe must be dismissed for failure to state a claim upon which relief may be granted and as barred by the doctrine of sovereign immunity.

Moreover, even if Plaintiff had asserted an individual-capacity claim against Judge Simcoe, the claim would fail because judges are entitled to absolute immunity from suits for damages for all actions taken in their judicial capacity, unless those actions are taken in the absence of any jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (per curiam)). Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335 (1872)). Thus, because the complaint pertains only to actions taken by Judge Simcoe in his judicial capacity and within his jurisdictional authority, any individual-capacity claim against him is barred by judicial immunity and would be dismissed for failure to state a claim upon which relief may be granted.

### B. *Younger* Abstention

To the extent that Plaintiff seeks injunctive relief in his pending criminal cases before Judge Simcoe, the Court finds it must abstain under *Younger v. Harris*, 401 U.S. 37 (1971). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008)). The State of Kentucky

4

has an important interest in adjudicating Plaintiff's criminal actions, and Plaintiff has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. If he is found guilty of the charges against him, he still has a number of state-court remedies available to him, including the Kentucky state appeals process. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere in any ongoing Kentucky state-court criminal proceedings against Plaintiff.

### III.

For the foregoing reasons, the instant action will be dismissed by separate Order.

Date: July 31, 2023

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011